**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KEITH ZENO, Individually and for Others Similarly Situated, | Case No. 4:25-cv-04870 |
| v. | Jury Trial Demanded |
| CARLSEN MOORING & MARINE SERVICES, LLC | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

**ZENO'S MOTION FOR COURT-AUTHORIZED NOTICE**

Respectfully submitted,

By:     */s/ Carl A. Fitz*
        **Carl A. Fitz**
        Tex. Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
Tel.: (713) 766-4000
carl@fitz.legal

**ATTORNEY FOR THE PLAINTIFFS**

## I.    SUMMARY

Zeno brought this collective action alleging Carlsen Mooring unlawfully paid its workers a day rate without overtime in violation of the Fair Labor Standards Act (FLSA). Zeno requests notice be sent to current and former Carlsen Mooring Line Handlers and Foremen, as they were subject to the same unlawful policies as Zeno. Potential class members "cannot benefit from a collective action without 'accurate and timely notice,' as the Supreme Court put it in *Hoffmann-La Roche, Inc. v. Sperling* [493 U.S. 165, 170, (1989)]." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021). "[D]istrict courts... oversee the notice and opt-in process" by authorizing notice to potential plaintiffs of the collective action. *Id.* "Permitting the court to facilitate notice helps ensure both efficient resolution in one proceeding of common issues and that employees will receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019) (cleaned up).

FLSA Notice has already been issued to a group of day rate workers over Defendant's objection. *See* **Exhibit 1** (*Theriot v. Carlsen Mooring* Order Granting FLSA notice). Zeno and the opt-ins did not opt-in to the *Theriot* case. Zeno requests the Court approve notice of this collective action be sent to:

> **All current and former Carlsen Mooring Line Handlers and Foremen who were paid a day rate with no overtime in Texas at any time during the past three years and did not opt-in to the** *Theriot* **lawsuit (the "Day Rate Workers").**

"[T]he district court's job is ensuring that notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case." *Swales*, 985 F.3d at 440. So neither the merits of Zeno's claims nor Carlsen Mooring's defenses are at issue. *Id.* at 436. Instead, the Court only considers "whether merits questions can be answered collectively." *Id.* at 442.

II.    NATURE AND STAGE OF THE PROCEEDING AND ISSUE TO BE RULED ON.

Zeno alleges Carlsen Mooring violated the FLSA on behalf of himself and the Day Rate Workers. This Court held the Rule 16 Conference on February 24, 2026. Doc. 20. The only issue is whether Zeno is similarly situated to the Day Rate Workers, warranting FLSA notice. Although Swales streamlined the process, it did not alter the meaning of "similarly situated" under §216(b). *See Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JK, 2021 WL 2187956, at *7 (W.D. Tex. May 28, 2021) ("Although Swales brings step-two of *Lusardi* to the forefront of FLSA collective actions, it does not alter the meaning of 'similarly situated' as honed and considered through judicial decision.").

III.    FACTUAL BACKGROUND

Carlsen Mooring, LLC (Carlsen Mooring) has proudly served the maritime industry for 125 years, and its "future is about giving" more service, safety, and support to its maritime customers.[1] Carlsen Mooring operates throughout Texas.[2] Carlsen Mooring's "dedicated line handling feet" provides services to its maritime customers.[3]

Carlsen Mooring has already lost this fight. In the *Theriot* matter,[4] Carlsen Mooring opposed FLSA notice to a group of day rate workers. It lost. *See* **Ex. 1**. If anything, Zeno's proposed collective is narrower than the *Theriot* matter, as it is geographically limited to Texas. Whatever factual differences Carlsen Mooring raised in the *Theriot* matter were already rejected. FLSA Notice should be issued.

Zeno and the Day Rate Workers are similarly situated. Importantly, Zeno and the Day Rate Workers did not participate in the *Theriot* matter. Zeno was paid a day rate without overtime. **Ex. 2** (Zeno Decl.) at ¶¶ 3-4. The Day Rate Workers were paid under the same unlawful pay practice. **Ex. 3** (Garcia Decl.) at ¶¶ 3-4, **Ex. 4** (Johnson Decl.) at ¶¶ 3-4, **Ex. 5** (Thomas Decl.) at ¶¶ 3-4; **Ex. 6**

---

[1] *See* https://www.carlsenmooring.com/about (last accessed Mar. 19, 2026).
[2] *See* https://www.carlsenmooring.com/locations-services (identifying Beaumont/Port Arthur, Houston/Galveston, and Corpus Christi/Ingleside locations) (last accessed Mar. 19, 2026).
[3] *See* https://www.carlsenmooring.com/our-fleet (last accessed Mar. 19, 2026).
[4] *Theriot v. Carlsen Mooring & Marine Services, LLC*, No. 4:24-cv-02423, Doc. 20 (Oct. 28, 2024).

(Arriola Decl.) at ¶¶ 3-4. Zeno and the Day Rate Workers worked greater than 40 hours per workweek. **Ex. 2** at ¶ 3; **Ex. 3** at ¶ 3; **Ex. 4** at ¶ 3; **Ex. 5** at ¶ 3; **Ex. 6** at ¶ 3. Zeno and the Day Rate Workers were paid a day rate without overtime. **Ex. 2** at ¶ 4; **Ex. 3** at ¶ 4; **Ex. 4** at ¶ 4; **Ex. 5** at ¶ 4; **Ex. 6** at ¶ 4. Zeno and the Day Rate Workers did not receive guaranteed weekly compensation, and were only paid based on the number of days they worked. **Ex. 2** at ¶ 5; **Ex. 3** at ¶ 5; **Ex. 4** at ¶ 5; **Ex. 5** at ¶ 5; **Ex. 6** at ¶ 5. Zeno and the Opt-Ins Plaintiffs are aware that other Day Rate Workers would benefit from notice of this action. **Ex. 2** at ¶¶ 11-13; **Ex. 3** at ¶¶ 11-13; **Ex. 4** at ¶¶ 11-13; **Ex. 5** at ¶¶ 11-13; **Ex. 6** at ¶¶ 11-13.

## IV.    ARGUMENTS AND AUTHORITIES

### A.    Legal standard for collective actions under the FLSA § 216(b).

The FLSA's collective action provision allows one or more employees to bring an action for overtime compensation on "behalf of … themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Section 216(b) collective actions are intended 'to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Roussell v. Brinker Intern., Inc.*, 441 Fed. Appx. 222, 227 (5th Cir. 2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Unlike a class action filed under Federal Rule of Civil Procedure 23, a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Id.* at 225 (citing *Sandoz*, 553 F.3d at 916).

The relevant inquiry to determine whether workers are similarly situated is whether the plaintiffs have sufficiently shown that other current and former employees were together the victim of a single decision, policy, or plan. *See Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2021 WL 2187956, at *8 (W.D. Tex. May 28, 2021) ("[T]he pertinent inquiry is whether the plaintiffs have 'demonstrated similarity among the individual situations.'"). Evidence of a unifying common pay practice is sufficient to grant a request to issue FLSA notice under Swales. *Young v. Energy Drilling Co.*,

534 F. Supp. 3d 720, 724 (S.D. Tex. 2021) ("""whether the employees in the identified positions were subjected to the same pay practice as [the plaintiff], and therefore are similarly situated, does not depend on the employees' specific job duties or where the employee worked."""").

### B.    There is sufficient evidence to issue FLSA notice.

One court has already concluded that the issuance of FLSA notice to Carlsen Mooring day rate workers is warranted. **Ex. 1**. This weighs in favor of finding that FLSA notice should be issued to the Day Rate Workers. Zeno has demonstrated that additional aggrieved workers exist, who did not participate in *Theriot*. **Ex. 2** at ¶¶ 11-13; **Ex. 3** at ¶¶ 11-13; **Ex. 4** at ¶¶ 11-13; **Ex. 5** at ¶¶ 11-13; **Ex. 6** at ¶¶ 11-13. Post-*Swales*, Fifth Circuit courts can "find Plaintiffs to be similarly situated based on 'the pleadings and only preliminary discovery' and approve notice." *Paschal v. Perry's Restaurants, Ltd.*, No. 1:22-CV-00027-RP, 2023 WL 2784864, at *2 (W.D. Tex. Apr. 4, 2023), *report and recommendation adopted*, No. 1:22-CV-27-RP, 2023 WL 3483902 (W.D. Tex. May 16, 2023) (quoting *Swales*, 985 F.3d at 441). This evidence demonstrates that FLSA notice is appropriate.

Similarly situated "does not mean that the class members must be identically situated." *Cotton-Thomas v. Volvo Grp. N. Am., LLC*, No. 3:20-CV-113-GHD-RP, 2021 WL 2125003, at *2 (N.D. Miss. May 25, 2021). It just means "that the Plaintiff must show 'a demonstrated similarity' among the purported class members, as well as a 'factual nexus' that binds the class members' claims together such that hearing the claims in one proceeding is fair to all parties and does not result in an unmanageable trial of individualized inquiries." *Id.* (quoting *Swales*, 985 F.3d at 443). "In general, in order to determine if purported class members are sufficiently similarly situated, courts consider (1) the factual and employment settings of the purported class members; (2) the various defenses available to the defendant and if any defenses are individualized rather than applying to the class as a whole; and (3) fairness and procedural considerations." *Id.* (citing *Swales*, 985 F.3d at 437).

**V.     THE COURT SHOULD APPROVE AND ADOPT ZENO'S PROPOSED NOTICE PLAN.**

Timely notice is imperative. As each day passes, the statute of limitations continues to run on each of the putative collective members' claims. *See, e.g., Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916-17 (5th Cir. 2008). Because potential collective members cannot opt in until they are informed of the case, any delay can cause opt-in plaintiffs to lose their chance at damages they might otherwise have been able to receive. A collective action allows potential plaintiffs to pool their resources and pursue their claims (and rights) together, facilitating access to a judicial system from which they might otherwise be barred, and allowing the Court to efficiently resolve numerous claims in a single proceeding. *Hoffmann-La Roche*, 493 U.S. at 170. However, these benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

To facilitate the notice process and preserve the rights of those current and former employees who have not yet opted-in to this case, Zeno requests the Court approve the "Notice and Consent" packet attached as **Exhibit 7**. Zeno proposes disseminating notice via (1) U.S. mail, (2) email, (3) text message, and (4) by sending a single reminder notice halfway through the notice period to those Putative Collective Members who have not yet responded to the notice.

### 1.  Zeno's notice documents and methods are appropriate.

"Generally, a plaintiff should be allowed to use his preferred language in drafting the [collective action] notice absent reasonable objections." *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 852 (S.D. Tex. 2014). At this stage, the Court is primarily interested in whether "the proposed notice and consent forms are accurate and includes information needed to make an informed decision about whether to join the lawsuit." *Frazier v. Dallas/Fort Worth Int'l Airport Bd.*, 285 F. Supp. 3d 969, 975 (N.D. Tex. 2018). Here, Zeno's proposed Notice contains accurate and neutral information to notify the Day

Rate Workers of the case, how their rights may be affected, Carlsen Mooring's defenses, clear instructions on how to "opt-in" to the case, and that the Court has not made a decision.

### 2. Notice via mail, e-mail, text message, and reminder notice is appropriate.

The Court should also allow notice by e-mail because "first-class mail, like payphones and dial-up internet, is quickly fading into obscurity" and as a result, "Courts in this district, including this court, regularly allow notice by both mail and e-mail." *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 489 (S.D. Tex. 2020). Courts in this Circuit find e-mail notice appropriate because it is widely accepted that "millions of Americans rely on email as their primary method for communication." *Wade*, No. 3:17-cv-00169, 2018 WL 2088011, at *7 (S.D. Tex. May 4, 2018). Moreover, "it makes little sense to pretend that [email] would not be helpful when sending out class notice, especially when it costs absolutely nothing." *Id.*

Courts in Texas and around the country find sending FLSA notice by text message is a reasonable and cost-efficient supplement to mail and e-mail notice. The FLSA is a remedial statute and when considering methods of notice the question is whether "potential plaintiffs are more likely to receive notice of the lawsuit if the plaintiffs are permitted to deliver notice via text message in addition to e-mail and mail?" *Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 672 (S.D. Tex. 2020). The answer, "without a doubt, is yes ... [because] even mail and email ... are at risk of being rendered obsolete by technological advances. Indeed, federal courts have already begun to recognize that our 'primary methods of communication have evolved' to include 'text messages and phone calls to cellular telephones.'" *Id.* (quoting *M.A. by Ashear v. NRA Grp., LLC*, No. 17-CV-7483 (NG)(RLM), 2019 WL 2357767, at *2 (E.D.N.Y. June 4, 2019)). While e-mail remains a reliable source of communication, people's inboxes are often overwhelmed with spam and scam e-mails, making it difficult to identify legitimate messages. *Thrower*, 484 F. Supp. 3d at 490. "[T]ext messages, at the very least, have eyes laid on them before being opened or ignored." *Id.* Accordingly, "providing notice via

text message in addition to other traditional notice methods will almost always be appropriate in modern society ... [and] further[s] the remedial purposes of the FLSA[.]" *Dickensheets*, 440 F. Supp. 3d at 672.[5]

Courts in this Circuit find "the benefits to be gained by sending a reminder notice far outweigh any potential disadvantages." *Dickensheets*, 440 F. Supp. 3d at 673. "A reminder notice provides a second chance to potential plaintiffs who, for whatever reason, do not receive, open, or view the initial letter, email, or text message providing notice. A reminder notice also helps ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit." *Id.* Moreover, a reminder period is not "overly burdensome or communicate an appearance of judicial impropriety, as courts have often approved follow-up communications." *Stringer v. Big Texan Steak Ranch, Inc.*, No. 2:23-CV-181-Z-BR, 2025 WL 642050, at *6 (N.D. Tex. Feb. 27, 2025).

### 3. The Court should compel Carlsen Mooring to produce necessary contact information to facilitate notice.

Zeno requests the Court direct Carlsen Mooring to furnish their counsel with a list of the names and last-known contact information, consisting of the last-known mailing addresses, telephone numbers, email addresses (both personal and work), and the dates of employment and locations of work, of the Putative Collective Members in a computer-readable format (preferably in a Microsoft Excel spreadsheet), within 10 days of the Court's order granting this Motion to facilitate issuance of FLSA notice. Courts in this District and this Circuit routinely order production of the

---

[5] *See also Cervantez v. TDT Consulting, LLC*, No. 3:18-CV-2547-S-BN, 2019 WL 3948355, at *10 (N.D. Tex. July 22, 2019) (allowing notice by text message); *Goss v. Tyler Traditions, Inc.*, No. 6:18-CV-423-JDK, 2019 WL 4935290, at *6 (E.D. Tex. July 22, 2019) (same); *Lopez v. Bird Elec. Enters., LLC*, No. MO:18-CV-0231-DC-RCG, 2019 WL 4087578, at *2 (W.D. Tex. June 28, 2019) (same); *Qazi v. Stage Stores, Inc.*, No. 4:18-CV-780, 2019 WL 2523564, at *3 (S.D. Tex. June 18, 2019) (same); *Defrese-Reese v. Healthy Minds, Inc.*, No. CV 18-1134, 2018 WL 6928920, at *4 (W.D. La. Dec. 19, 2018) ("Courts in the Fifth Circuit have approved the use of text message to facilitate notice to potential class members.") (collecting cases).

names, addresses, telephone numbers, email addresses, and other similar information in connection with an order granting conditional certification to facilitate issuance of FLSA notice to the potential opt-in plaintiffs. *See Ismail v. Grazia Italian Kitchen Pearland LLC*, No. 3:23-cv-00286, 2025 WL 569699 at *7 (S.D. Tex. Feb. 21, 2025) (ordering the production of names, last known addresses, telephone numbers, e-mail addresses, and dates of employment for all members of the collective); *Thrower*, 484 F. Supp. 3d at 492 (same); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 805 (E.D. La. 2007) (ordering the production of names, addresses, and dates of employment and termination of potential class members).

## VI.    CONCLUSION

Zeno satisfies the lenient standard to demonstrate he and the Day Rate Workers together were victims of a common policy or plan alleged to violate the FLSA. Therefore, Zeno has met his burden for the Court to grant conditional certification and authorize issuance of FLSA notice to the FLSA Collective Members. Zeno respectfully requests the Court grant this Motion, approve and adopt his proposed notice and consent packet, approve and adopt his notice distribution plan in full, order Carlsen Mooring to produce within 10 days of the order granting this Motion the identities and contact information described above.

Date: March 23, 2026.

### CERTIFICATE OF CONFERENCE

I conferred with Defendant's counsel regarding the relief presently requested. Defendant is opposed.

*/s/ Carl A. Fitz*
**Carl A. Fitz**

### CERTIFICATE OF SERVICE

On March 23, 2026, I served all Parties of record via ECF.

*/s/ Carl A. Fitz*
**Carl A. Fitz**